UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE SCHOEDINGER, M.D., and SIGNATURE HEALTH SERVICES, INC., ) ) ) Plaintiffs, ) ) vs. ) ) UNITED HEALTHCARE OF THE ) MIDWEST, INC., ) ) Defendant. ) | Case No. 4:07-CV-00904 SNL |

## MEMORANDUM and ORDER

**NOW BEFORE THE COURT** on Defendant's motion (Doc. #11, filed June 7, 2007), wherein Defendant United Healthcare of the Midwest, Inc. moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant avers that the instant matter "is nearly identical" to a recent case involving both Plaintiffs, George Schoedinger, M.D. ("Schoedinger") and Signature Health Services, Inc. ("Signature"); as against the instant Defendant, United Healthcare of the Midwest, Inc. ("UHC"). *See* No. 4:04-CV-00664 SNL, filed May 28, 2004 ("*Schoedinger I*"). On that basis, Defendant urges the Court to estop Plaintiffs from re-litigating the subject claims.

Upon review of the matter, Defendant's motion (Doc. #11) is **HEREBY GRANTED IN PART** and **DENIED IN PART**. The analysis found herewith.

## LEGAL STANDARD

Under the Federal Rules, a district court may dismiss any complaint which fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2007). Taking all facts contained in plaintiff's complaint as true, defendant is afforded an opportunity to test the sufficiency of plaintiff's claims, as a matter of law. Under this standard, a complaint should be dismissed only if it appears that plaintiff can prove no set of facts which would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Collateral estoppel, also termed "issue preclusion," stands for the proposition that an issue of ultimate fact, which has been resolved by a valid, final judgment, shall not be re-litigated by the same parties to a subsequent lawsuit. *Chavez v. Weber*, 497 F.3d 796, 803 (8th Cir. 2007) (citing *United States v. Brekke,* 97 F.3d 1043, 1049 (8th Cir. 1996)). " 'The underlying goal . ·. ·. is to promote judicial economy and finality in litigation.' " *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 909 (8th Cir. 2007).

## **ANALYSIS**

As a preliminary matter, the Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331 (2000). Accordingly, today's decision is governed by the substantive principles of the Eighth Circuit. *See Robinette v. Jones*, 476 F.3d 585 (8th Cir. 2007):

In the Eighth Circuit, issue preclusion has five elements:

(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;

(2) the issue sought to be precluded must be the same as the issue involved in the prior action;

(3) the issue sought to be precluded must have been actually litigated in the prior action;

(4) the issue sought to be precluded must have been determined by a valid and final judgment; and

(5) the determination in the prior action must have been essential to the prior judgment.
*Id.* at 589.

Comparing *Schoedinger I* to the case at bar,[FN1] Counts One (I), Four (IV), and Five (V) involve identical parties and essential issues, actually litigated and determined, by a valid final judgment of this Court. *See* No. 4:04-CV-00664 SNL, Doc. #91-1, filed Nov. 6, 2006. Accordingly, Plaintiffs shall be estopped from re-ligating the same.

---

**FN1**. *Compare* No. 4:04-CV-00664 SNL, Doc. #26, filed Nov. 23, 2004; *with* No. 4:07-CV-00904 SNL, Doc. #1, filed May 4, 2007. "[W]e may take judicial notice of other judicial opinions, and the earlier proceedings are relevant in deciding a claim of issue preclusion." *Kent v. United of Omaha Life Ins. Co.*, 484 F.3d 988, 995 (8th Cir. 2007) (citing *Wedow v. City of Kansas City, MO.*, 442 F.3d 661 (8th Cir.2006)).

As to Counts II and III, Plaintiffs have sufficiently stated a claim for violation of the Missouri Payment Claims Statute, MO. REV. STAT. §376.383 (2002), and may be entitled declaratory judgment, to the extent the subject claims are not covered by ERISA and arose subsequent to those *which could have been raised* in *Schoedinger I*.

Lastly, Counts VI and VII[FN2] have been sufficiently stated for purposes of the instant motion.

**F**or the reasons outlined above,

**IT IS HEREBY ORDERED** that Counts I, IV, and V be, and are, **HEREBY DISMISSED**.

**IT IS FURTHER ORDERED** that Counts II, III, VI and VII **SHALL PROCEED** to a trial by jury, at a date to be hereafter determined.

**S**o Ordered.

**D**ated this 11th day of March, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

**FN2**. The Court acknowledges that Plaintiffs seek comparable relief under ERISA's remedial scheme, 29 U.S.C. §1132(a)(1)(B) & (a)(3). At this point in the litigation, the Court will permit alternative theories of recovery so long as the necessary elements are stated with regard to each. *Baucom v. DePaul Health Center*, 918 F.Supp. 288, 292 (D.Mo. 1996) (citing FED. R. CIV. P. 8(e)). Defendant's reference to *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999) (equitable relief is not available under ERISA where adequate relief is provided by its express provisions), is inapposite.