# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEFORGE SCHOEDINGER, M.D., ET. AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED HEALTHCARE OF THE ) <br> MIDWEST, ) <br> ) <br> Defendant. ) | Case No.4:07CV904SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's second motion to compel [70], filed March 15, 2011. On March 25, 2011 plaintiffs responded to the instant motion stating that the discovery sought by the defendant (which plaintiffs contend is actually "supplemental" discovery) would be provided to the defendant by April 4, 2011. Document [72]. On April 5, 2011, defendant filed its reply stating that, although some additional discovery had been received, plaintiffs[1] were still deficient in providing discovery responsive to defendant's Interrogatory No. 3, subparts (s) to (v). Document [74].

Defendant now seeks "complete" answers to Interrogatory No.3, subparts (s) to (v), as well as attorneys' fees and expenses incurred for the filing of the instant motion.

---

[1]Although amended answers were served only by plaintiff Schoedinger, defendant assumes (and the Court concurs), that plaintiff Signature Health Services is relying on plaintiff Schoedinger's amended answers as its own.

Interrogatory No. 3 seeks certain information for each benefit claim referenced in the plaintiffs' first amended complaint[2]. Subparts (s) to (v) request the following information:

> Interrogatory No. 3:
>
> (s) the amount of interest that Plaintiffs contend is due from United for the claim and how Plaintiffs calculated that amount;
>
> (t) the amount of penalty that Plaintiffs contends **[sic]** is due from United for the claim pursuant to Mo.Rev.Stat. §376.383 and how Plaintiffs calculated that amount;
>
> (u) the total amount that Plaintiffs contends **[sic]** is due from United for the claim, including interest and penalties; and
>
> (v) all ways in which the claim was subjected to "Defendant's improper practices" as alleged in paragraph 24 of the First Amended Complaint.

As to Interrogatory No. 3, subparts (s) to (u), plaintiffs contend that prejudgment interest cannot be calculated because such interest "accrues from the date Schoedinger performed the medical service through the date of final judgment." Defendant's Exhibit 7 (plaintiffs' amended answers to defendant's first set of interrogatories). Plaintiffs cite Sheehan v. Guardian Life Ins. Co., 372 F.3d. 962, 969 (8th Cir. 2004) in support of this contention. As to Interrogatory No. 3, subpart (v), plaintiffs simply repeated the laundry list of "improper practices" as contained in their first amended complaint without identifying which "improper practice" allegedly occurred with each particular benefit claim at issue.

---

[2]Defendant avers that there are eighty-eight (88) such claims; an amount the plaintiffs do not presently dispute.

Defendant contends that as to Interrogatory No.3, subparts (s) to (u), plaintiffs are not entitled to interest from the dates that the amount due to plaintiffs were paid by defendant through the date of final judgment.  Defendant contends that the accrual of interest on any benefit claim stopped once the plaintiffs were fully paid the amount owed for that particular benefit claim. Defendant further contends that the amount of interest due for each benefit claim at issue is fixed and readily calculable using this method: 1) determine the number of days that the amount due from the defendant to plaintiffs for that particular benefit claim was due and went unpaid; and 2) multiply that amount by that number of days and the applicable interest rate.  As for Interrogatory No. 3, subpart (v), defendant contends that not all of the alleged "improper practices" occurred with each of the 88 benefit claims at issue.  Defendant further contends that in *Signature I*, the same information was sought, and the plaintiffs were able to provide the defendant with a spreadsheet for each benefit claim and the alleged "improper practice" associated with that particular benefit claim.

The Court has reviewed the instant motion, the parties' responses, and the plaintiffs' amended discovery answers and finds that the motion shall be granted as to Interrogatory No. 3, subparts (s) to (v).[3]

For now, plaintiffs will provide the information sought in Interrogatory No. 3, subparts (s) to (u) using the formula provided by the defendant.  Whether or not prejudgment interest should be calculated from the date plaintiffs performed the medical service through date of final judgment or whether such interest stopped accruing upon payment of the benefit claim is not an issue presently before the Court. Having the plaintiffs provide the information sought by Interrogatory

---

[3]It appears that the remainder of the defendant's second motion to compel is mooted by the supplemental discovery produced by the plaintiffs on April 4, 2011.

No. 3, subparts (s) to (u) using the defendant's formula is not a decision on the merits by the Court on the issue of prejudgment interest. That issue will be taken up, if and when necessary.

Furthermore, plaintiffs shall provide the information sought by Interrogatory No. 3, subpart (v) identifying each "improper practice" associated with each of the 88 benefit claims at issue. Plaintiffs may provide this information in the same or similar format as they did in *Signature I*.

Finally, as for attorneys' fees, the Court will award defendant its attorney fees and expenses in connection with the filing of this second motion to compel upon defendant's filing of an attorney affidavit and billing sheet for the record.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's second motion to compel [70] be and is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. Plaintiffs shall provide full and complete responses to Interrogatory No. 3, subparts (s) to (v) as set forth above. Plaintiffs shall provide said discovery responses on or before May 2, 2011. No extensions of time shall be granted except for good cause shown.

**IT IS FINALLY ORDERED** that attorneys' fees and expenses in connection with the filing of the instant motion shall be awarded to the defendant upon the filing of an attorney's affidavit and billing sheet.

Dated this ____19th____ day of April, 2011.

UNITED STATES DISTRICT JUDGE